FRANK CASTA, PLAINTIFF-RESPONDENT, v. THE CITY OF NEWARK, DEFENDANT-APPELLANT.

FRANK CASTA, PLAINTIFF-RESPONDENT, v. THE CITY OF NEWARK, DEFENDANT-APPELLANT.

DOMINICK BRANCATO, PLAINTIFF-RESPONDENT, v. THE CITY OF NEWARK, DEFENDANT-APPELLANT.

Submitted January 21, 1941—Decided May 1, 1941.

Before Justices Bodine, Porter and Colie.

For the plaintiff-respondent Dominick Brancato, *Herbert A. Kuvin.*

For the plaintiff-respondent Frank Casta, *Herbert A. Kuvin* and *Bartholomew & Dwyer* (*Herbert A. Kuvin,* of counsel).

For the defendant-appellant, *James F. X. O'Brien.*

The opinion of the court was delivered by

Colie, J. These three cases were tried together by consent of all parties. The defendant-appellant appeals from judgments against it and in favor of Frank Casta for $425 for property damage and $500 for personal injuries and from a judgment against it and in favor of Dominick Brancato for $215.95.

The accidents happened at the intersection of Ferry and McWhorter streets in the City of Newark. At the time, the city was repaving Ferry street. The north side of Ferry street was closed for traffic. The south side was paved to the west of McWhorter street which enters Ferry from the south, but at or near McWhorter street the paving ended where the surface had been removed to a depth of several inches and from which a sewer cover protruded several inches. There was no barrier or light at the end of the paved portion of Ferry street. On June 2d, 1939, as Casta was going east on Ferry street at 1:30 A. M., his car ran off the paved portion of the highway, struck the sewer cover and was badly damaged and he sustained severe and painful injuries. On May 31st, 1939, the car of plaintiff Brancato, driven by one Bruen, came out of McWhorter street at 9 P. M., turned to the east on Ferry street and was damaged when it struck the sewer cover protruding from the lowered road surface.

Defendant-appellant seeks a reversal on the grounds (1) that the work was being done by an independent contractor, the Works Progress Administration; (2) that the defective condition had not been brought to the attention of the city in time for it to remedy the condition and (3) that the city is, as a matter of law, not liable to a person suffering special damages arising from negligence which affects the public at large.

As to the first ground, it suffices to point out that the state of case, certified by the District Court Judge, shows that the "city was repaving the street" and makes no mention of an independent contractor. As to notice of the defective condition, the city did the repaving and therefore knew of the conditions then existing. Furthermore, it is not the condition of the roadway that is the gravamen of the complaint, but rather the failure to furnish barriers or lights.

Leaving the roadway in a state of disrepair without barrier or light is such active wrongdoing as to make the city liable to respond in damages for a private injury resulting therefrom. *Allas* v. *Rumson,* 115 *N. J. L.* 593, and *Hammond* v. *County of Monmouth,* 117 *Id.* 11.

The judgments are affirmed.